THE STATE OF KANSAS v. WILLIAM COX.

1. INSTRUCTIONS, *Sufficient.* The instructions in this case examined, and *held* fairly to present the law under the evidence in this case.

2. ———— *No Available Error.* As a general rule, where the court properly instructs the jury, except that it omits some matter which might properly be given, no available error is committed, unless the court has been properly requested to instruct in reference to such matter. Following *The State v. Peterson,* 38 Kas. 211.

MEMORANDUM.—Appeal from Lyon district court; W. A. RANDOLPH, judge. William Cox was convicted of keeping a place for the illegal sale of liquor, and appeals. Affirmed. The facts are stated in the opinion herein, filed June 7, 1895.

*J. Jay Buck,* and *Graves, Lambert & Dickson,* for appellant.

*F. B. Dawes,* attorney general, and *W. C. Simpson,* county attorney, for The State.

The opinion of the court was delivered by

COLE, J. : William Cox was tried in the district court of Lyon county upon an information in three counts, the first two of which charged him with the unlawful sale of intoxicating liquors, and the third charged him with maintaining a nuisance by being the keeper of a place where intoxicating liquors were unlawfully sold, and where persons were permitted to resort for drinking intoxicating liquors as a beverage. Upon the trial, the jury found him guilty under the third count, and not guilty under the first two counts ; and from this conviction the defendant appeals to this court. The particular errors alleged on

behalf of the appellant are, first, that the court committed error in the ninth instruction given to the jury, which reads as follows:

"If you believe from the evidence that the defendant was, from April 1, 1894, to September 8, 1894, the proprietor of the Fifth Avenue hotel, in the city of Emporia, Lyon county, Kansas, and was in charge and had control of the same, and during said time he permitted persons to resort to such place for the purpose of drinking intoxicating liquors as a beverage, then you will find the defendant guilty as charged in the third count of the information, and it will make no difference if the liquors were kept under the charge of some other person in said building."

Second. That the court should have specially instructed the jury in regard to a certain lease which was introduced in evidence upon the defense in the trial of said case.

We are unable to discover any error either in the instructions given, or failure to specially instruct upon the point indicated. The main question for the jury to decide, under the information and the evidence in the case, so far as the third count of the information is concerned, was whether the defendant, William Cox, was the keeper of a place where intoxicating liquors were unlawfully kept for sale, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage.

Counsel for appellant urged that as the jury found the defendant not guilty on the two counts, in which he was charged with the unlawful sale of intoxicating liquors, by the same token they should have acquitted him as to the third count, and argue that they would undoubtedly have done so had it not been for the instruction complained of. But we think, from the evidence in the case, that while the jury believed that

appellant did not make the unlawful sales of intoxicating liquors as charged, yet they did believe, notwithstanding the lease introduced — the force of which counsel urged so strongly — that he was the actual keeper of the place where the information charged that said sales were made ; and the instruction complained of submits that question fairly to the jury.

So far as the second assignment of error is concerned, no request was made for a special instruction upon the lease introduced, and no objection made, so far as the record discloses, to the fact that the trial court failed to give such special instruction.    This, we think, clearly brings the question within the numerous authorities in this and other states.   ( *The State v. Peterson*, 38 Kas. 211 ; *The State v. Rook*, 42 id. 419.)    In the latter case, JOHNSTON, J., in delivering the opinion of the court, says :   "Complaint is made that no special instructions   .   .   .   were given by the court. No such instructions were asked for by the defendant, and hence no reversible error was committed by its failure to give them."

An examination of the record convinces us that the verdict is fully sustained by the evidence and that no errors occurred upon the trial, and we think the judgment should be affirmed.

All the Judges concurring.